## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WALTER A. PAPPOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number CIV-05-1472-C |
| ) | |
| AVIS CAR RENTAL, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Now before the Court is a Motion to Dismiss or in the Alternative for Summary Judgment filed by Defendant Avis Car Rental (Avis). The Court construed Avis' motion as one for summary judgment under Fed. R. Civ. P. 56 and ordered pro se plaintiff Walter A. Pappoe (Pappoe) to file a summary judgment brief along with any evidentiary materials responsive to Avis' arguments. Pappoe timely filed a response to which Avis filed a reply; therefore, the motion is ripe for adjudication. The Court, upon consideration of the litigants' submissions and the applicable law, now **GRANTS** Avis' Motion for Summary Judgment.

### BACKGROUND

Pappoe is a black male formerly employed by Avis as a shuttle driver. In October 2003 a Customer Service Representative/Rover (CSR/Rover) position became available. Pappoe alleges that he applied for the CSR/Rover position; however, Avis alleges the contrary and contends that there is no record of Pappoe ever submitting an application for the position. Pappoe submitted his resignation with two weeks notice on October 13, 2003. Avis filled the CSR/Rover position shortly thereafter on December 4, 2003.

Pappoe alleges that Avis subjected him to discriminatory and retaliatory treatment by failing to promote him to the CSR/Rover position due to his race, color, national origin, religion, sex, age, disability, and opposition to illegal acts. Pappoe contends that Avis' conduct is in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., (Title VII); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, et seq. (ADEA); and the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq. (ADA).

## STANDARD OF REVIEW

Summary judgment is proper only if Avis, as the moving party, shows "there is no genuine issue as to any material fact and that [Avis] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court's function, at the summary judgment stage, is not to weigh the evidence but to determine whether there is a genuine issue for trial. Willis v. Midland Risk Ins. Co., 42 F.3d 607, 611 (10th Cir. 1994). "An issue is 'genuine' if, [viewing the full record] there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "The mere existence of a scintilla of evidence in support of [Pappoe]'s position is insufficient to create a dispute of fact that is 'genuine'. . . . " Lawmaster v. Ward, 125 F.3d 1341, 1347 (10th Cir. 1997). Avis, as the party not bearing the burden of persuasion at trial, need not negate Pappoe's claim, but may point out to the Court his lack of evidence on an essential element of his claim. Adams v. Am. Guar. & Liab. Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000).

Pappoe will avoid summary judgment only by going beyond the pleadings and presenting evidence sufficient to establish the existence, as a triable issue, of an essential and contested element of the case. Perry v. Woodward, 199 F.3d 1126, 1131 (10th Cir. 1999). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." See Adler, 144 F.3d at 670 (citing Anderson, 477 U.S. at 248). When deciding whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmoving party, Pappoe, and draws all reasonable inferences in his favor. See Anderson, 477 U.S. at 255; Simms v. Oklahoma ex rel. Dep't of Mental Health, 165 F.3d 1321, 1326 (10th Cir. 1999).

## DISCUSSION

Avis argues that Pappoe is unable to demonstrate a prima facie case of discrimination under Title VII, the ADEA, or the ADA as he never applied for the position at issue. In support of its argument, Avis claims it maintains an Applicant Flow Log (AFL) listing all individuals who applied for the CSR/Rover position, and that Pappoe's name is not found within the AFL. Avis also argues that Pappoe failed to exhaust his administrative remedies regarding his gender discrimination claim. Avis, therefore, concludes that summary judgment is appropriate. Pappoe contends that he did apply for the position; therefore, summary judgment is inappropriate. The record is devoid of direct evidence demonstrating Pappoe's claims. As a result, his claims are to be analyzed under the familiar three-step burden-shifting model articulated by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Under the McDonnell Douglas analytical model, Pappoe must first demonstrate a prima facie case of discrimination by a preponderance of the evidence. Id. at 802. Establishing a prima facie case is not an onerous task and its elements are neither rigid nor mechanical; it is a flexible standard able to accommodate differing factual scenarios and allegations of discrimination. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253-54 (1981); McDonnell Douglas, 411 U.S. at 802 n.13; Stone v. Autoliv ASP, Inc., 210 F.3d 1132, 1139 (10th Cir. 2000). If Pappoe succeeds in establishing a prima facie case, the burden of production shifts to Avis to articulate a facially non-discriminatory and legitimate reason for not promoting Pappoe. McDonnell Douglas, 411 U.S. at 802. If Avis shoulders the burden, Pappoe must then demonstrate by a preponderance of the evidence that Avis' proffered legitimate reason is pretextual, that is, either false or contrived. Id. at 803. Even though the intermediate burdens shift between the litigants, the ultimate burden of persuasion always remains with Pappoe to put forth evidence demonstrating that Avis engaged in prohibited discriminatory conduct. Texas Dep't of Cmty. Affairs, 450 U.S. at 253.

Claims involving failure to promote under Title VII, the ADEA, and the ADA require Pappoe to demonstrate that he actually applied for the CSR/Rover position. MacKenzie v. City and County of Denver, 414 F.3d 1266, 1278 (10th Cir. 2005) (discussing ADEA failure to promote claim); Sandoval v. City of Boulder, Colo., 388 F.3d 1312, 1321 (10th Cir. 2004) (discussing Title VII failure to promote claim); Stover v. Martinez, 382 F.3d 1064, 1072 (10th Cir. 2004) (discussing Title VII retaliation claim prefaced upon an employer's failure to promote); Rakity v. Dillon Cos., 302 F.3d 1152, 1164 (10th Cir. 2002) (discussing ADA

prima facie case); Gillen v. Fallon Ambulance Serv., Inc., 283 F.3d 11, 30 (1st Cir. 2002) (discussing ADA failure to hire claim).  Here, Pappoe only submits two pieces of evidence responsive to Avis' argument: a list of five individuals who filled internal vacancies but were not listed in Avis' AFL (Def.'s Br., Dkt. No. 11, at 2,3), and an undated internal job posting application listing the CSR/Rover position (id., Ex. 4).  Pappoe's list of five individuals is unpersuasive; it is not proper evidence as it is unsworn and contained within the brief.  See Tavery v. United States, 32 F.3d 1423, 1431-33 (10th Cir. 1994) (Garth, J., concurring) (explaining proper summary judgment evidence and citing Thornton v. United States, 493 F.2d 164, 167 (3d Cir. 1974) ("A statement in a brief . . . does not constitute evidence.")).

Pappoe's undated CSR/Rover application fares no better.  Avis correctly argues that Pappoe's CSR/Rover application is unauthenticated and should not be considered.  See Ameranda Petroleum Corp. v. Fed. Power Comm'n, 338 F.2d 808, 811 (10th Cir. 1964) (per curiam); Fed. R. Evid. 901; Beams v. Norton, 335 F. Supp. 2d 1135, 1140-41 (D. Kan. 2004).  Even if Pappoe's application were authenticated, it is insufficient to create a genuine issue of material fact as it is undated, it does not otherwise contain indications that this particular application was for the October 2003 CSR/Rover position, and Pappoe's unsworn statement in his brief that he gave the application to Kenneth Kimani is not proper evidence, see Tavery, 32 F.3d at 1433.

The court clearly notified Pappoe that in order to survive Avis' summary judgment motion he had to come forward with sufficient countervailing evidence creating a genuine issue of material fact in dispute.  (Order, Dkt. No. 10, at 2-3.)  Nonetheless, Pappoe fails to

present an affidavit, other sworn evidence, certified or authenticated documents, or other form of responsive material countering Avis' affidavit that he never applied for the CSR/Rover position. Indeed, none of the evidence Pappoe proffers to the Court establish the existence, as a triable issue, of the "application" element of his claims. As a result, summary judgment is appropriate. See Comm. For First Amendment v. Campbell, 962 F.2d 1517, 1526 n.11 (10th Cir. 1992).

## CONCLUSION

Pappoe has not proffered the requisite evidence demonstrating the necessity of a trial. Therefore, Avis' Motion for Summary Judgment [Dkt. No. 8] is **GRANTED**. A judgment will enter accordingly.

IT IS SO ORDERED this 26th day of July, 2006.

ROBIN J. CAUTHRON
United States District Judge